IN THE CIRCUIT COURT OF
PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| **WILLIAM PRITCHARD,** <br> 310 West Sunset Avenue <br> Greensboro, Maryland 21639 <br><br> Plaintiff, <br><br> v. <br><br> **SSC LAUREL OPERATING CO., LLC** <br> **D/B/A/ PATUXENT RIVER HEALTH &** <br> **REHABILITATION CENTER** <br> 14200 Laurel Park Dr. <br> Laurel, Maryland 20707 <br><br> Serve On: <br> The Corporation Trust, Inc. <br> 2405 York Road, Suite 201 <br> Lutherville Timonium, Maryland 21093 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: CAL20-14047 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW William K. Pritchard, Sr. ("Plaintiff" or "Mr. Pritchard"), by and through his attorney, James L. Ellison, II, Esquire and the Law Office of Bennett & Ellison, P.C., and hearby files suit against SSC Laurel Operating Co., LLC, d/b/a Patuxent River Health & Rehabilitation Center ("Defendant"), and states the following:

### THE PARTIES

1. Plaintiff is a resident of Greensboro, Maryland located in Caroline County, Maryland.

2. Plaintiff was a former employee with Defendant and held the title "Maintenance Supervisor."

3.      Defendant is a limited liability company located in Prince George's County, in which all the events complained herein took place.

## JURISDICTION AND VENUE

4.      At all relevant times, Defendant had a principal address of 14200 Laurel Park Dr., Laurel, Maryland 20707.

5.      All events complained of herein took place in Prince George's County, Maryland.

6.      Jurisdiction and venue is proper as Defendant conducted business which is part of the subject of this suit in Prince George's County, Maryland.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff William Pritchard, Sr. was hired as a Maintenance Supervisor at Defendant on or about February 11, 2016.

8.      On or about January 19, 2016, Defendant emailed Mr. Pritchard a confirmation of his employment, which included a salary of $68,000.00 per year. The offer specified that the position was titled "Maintenance Supervisor for SSC Laurel Operating Company, LLC."

9.      The January 19, 2016 email was not a completely integrated statement of the employment relationship, as it did not delineate all of the terms and conditions of Mr. Pritchard's employment relationship with Defendant.

10.     Both Mr. Pritchard and Defendant understood that the salary was in compensation for work weeks of forty (40) hours or less.

11.     On or about February 19, 2019, Defendant emailed Mr. Pritchard an offer for a pay increase for his same job title of "Maintenance Supervisor for SSC Laurel Operating Company, LLC," which included a salary of $71,000.00 per year.

12.     Again, this February 19, 2019, email was not a completely integrated statement of the employment relationship, as it did not delineate all of the terms and conditions of Mr. Pritchard's employment relationship with Defendant.

13.     Both Mr. Pritchard and Defendant still understood that the salary was in compensation for work weeks of forty (40) hours or less.

14.     While under the employ of defendant, the vast majority of Mr. Pritchard's daily duties included directly and primarily performing manual work for maintenance on the property that he was assigned.

15.     During his employment, Mr. Pritchard was at times provided with an assistant.

16.     Mr. Pritchard did not have the authority to adjust the pay of his assistant and had only one assistant assigned to him at a time.

17.     Mr. Pritchard could only alter the hours of his assistant only with approval of Defendant.

18.     Mr. Pritchard did not have the authority to give appraisals or evaluations of his assistant.

19.     Mr. Pritchard did not handle grievances of his assistant.

20.     Mr. Pritchard could not discipline his assistant without prior approval from Defendant.

21.     Mr. Pritchard was given a budget by Defendant and could not determine his own budget.

22.     Mr. Pritchard had the authority to hire his assistant without approval from Defendant.

3

23.     Mr. Pritchard did not have the authority to fire an assistant without the approval of the Defendant.

24.     Through the duration of his employment and with full knowledge of Defendant, Mr. Pritchard continually worked over forty (40) hours per workweek.

25.     Mr. Pritchard never received any compensated by Defendant for the extra hours (all hours over forty (40) that he worked in a particular workweek).

26.     On or about February 7, 2020, Mr. Pritchard sent an email to Defendant complaining that he had not been paid for his additional hours that he worked for Defendant and asked to be compensated in accordingly.

27.     On or about February 10, 2020, as a direct result of his complaint days prior, Defendant fired Mr. Pritchard.

28.     Despite numerous demands being made, Defendant has failed to pay and continues to withhold wages due and any overtime pay due to Mr. Pritchard.

## COUNT I
## BREACH OF CONTRACT

29.     Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

30.     Defendant offered Mr. Pritchard a position as Maintenance Supervisor in SSC Laurel Operating Co., LLC.

31.     The offer was memorialized in writing in letters on or about January 19, 2016 and February 19, 2019.

32.     Mr. Pritchard accepted Defendant's offer to work as a Maintenance Supervisor in which salary of $68,000.00 and $71,000.00 respectively would be paid.

33. It was also understood that the salary was in compensation for work weeks of forty (40) hours or less.

34. Upon the instruction from and with the full knowledge of Defendant, Mr. Pritchard consistently worked beyond forty (40) hours per workweek throughout the duration of his employment.

35. Defendant breached the employment contract by refusing to pay Mr. Pritchard wages for the extra hours worked during Mr. Pritchard's employment.

36. As a direct and proximate result of Defendant's breach, Mr. Pritchard has incurred damages in lost wages and incurred attorney's fees.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES
### Md. Code Ann., Lab. & Empl. §§ 3-415 & 420

37. Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

38. Md. Code Ann., Lab. & Empl. §§ 3-415 & 420 requires that an employee who works more than forty (40) hours in a one-week period is entitled to one and one-half times their hourly wage.

39. Defendant is not exempt from the overtime payment requirements as they do not qualify for any exempt category enumerated in Md. Code Ann., Lab. & Empl. § 3-415.

40. On many occasions during his employment for Defendant, Mr. Pritchard worked for periods exceeding forty (40) hours in one-week periods.

41. Defendant failed to pay Mr. Pritchard any overtime wages to compensate him for his time.

42. Defendant violated Mr. Pritchard's right to fair wages as required by the Maryland Code.

43. Pursuant to the Labor and Employment Article of the Maryland Code Section 3-507.2, in an action for unpaid wages, an employee may recover against their employer the amount of unpaid wages, plus treble damages, attorney's fees, and costs.

44. As a result of these actions, Mr. Pritchard has suffered lost wages.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
### FAILURE TO PAY OVERTIME WAGES
### Fair Labor Standards Act, 29 U.S.C. § 207

45. Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

46. 29 U.S.C. § 207 requires that an employee who works more than forty (40) hours in a one-week period is entitled to an overtime rate of one and one-half times their hourly wage.

47. Defendant is not exempt from the overtime payment requirements as they do not qualify for any exempt category enumerated in 29 U.S.C. § 207.

48. On many occasions during his employment for Defendant, Mr. Pritchard worked for periods exceeding forty (40) hours in one-week periods.

49. Defendant failed to pay Mr. Pritchard any overtime wages to compensate him for his time.

50. Defendant violated Mr. Pritchard's right to overtime wages as required by the United States Code.

51. Under 29 U.S.C. § 216 of the Fair Labor Standards Act of the United States Code, in an action for unpaid wages, an employee may recover against their employer the amount of unpaid wages, plus treble damages, attorney's fees, and costs.

52. As a result of these actions, Mr. Pritchard has suffered lost wages and benefits, emotional distress, and incurred attorney's fees.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## ABUSIVE DISCHARGE

53. Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

54. Mr. Pritchard was discharged from his employment on February 10, 2020.

55. In Maryland, there exists a strong public policy against terminating employees in retaliation for complaining of unpaid wages. *See Williams v. State Emples. Credit Union*, 2018 Md. App. LEXIS 874, at *2 (App. Sep. 18, 2018).

56. Mr. Pritchard was discharged from his employment in retaliation for his complaint of unpaid wages.

57. As a result of these actions, Mr. Pritchard has suffered lost wages and benefits, emotional distress, and incurred attorney's fees.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT V
## WRONGFUL TERMINATION
## Md. Code Ann., Lab. & Empl. § 3-428

58. Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

59. Md. Code Ann., Lab. & Empl. § 3-428 prohibits employers from terminating employees for making a complaint that they have not been paid their due wages.

60. On or about or about February 7, 2020, Mr. Pritchard sent an email to Defendant expressing concern that he had not received his overtime payment.

61. On or about February 9, 2020, as a direct consequence of his complaint, Mr. Pritchard was terminated from his position as Maintenance Supervisor.

62. Defendant violated Mr. Pritchard's rights by terminating his employment for engaging in a protected activity.

63. As a direct and proximate result of Defendant's actions, Mr. Pritchard has suffered lost wages and benefits, emotional distress, and incurred attorney's fees.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VI
### RETALIATORY DISCHARGE IN VIOLATION OF FAIR LABOR STANDARDS ACT
**Fair Labor Standards Act, 29 U.S.C. § 215**

64. Mr. Pritchard hereby incorporates Paragraphs 1 through 28 as though fully restated herein.

65. The Fair Labor Standards Act, codified as 29 U.S.C. § 215 prohibits employers from terminating employees for making a complaint that they have not been paid their

66. Throughout the duration of his employment, Defendant failed to pay Mr. Pritchard

67. On or about or about February 7, 2020, Mr. Pritchard sent an email to Defendant expressing concern that he had not received his overtime payment.

68. On or about February 9, 2020, as a direct consequence of his complaint, Mr. Pritchard was terminated from his position as Maintenance Supervisor.

8

69. Defendant violated Mr. Pritchard's rights by terminating his employment for engaging in a protected activity.

70. As a direct and proximate result of Defendant's actions, Mr. Pritchard has suffered lost wages and benefits, emotional distress, and incurred attorney's fees.

WHEREFORE, Plaintiff William K. Pritchard demands judgment against Defendant in an amount exceeding $75,000.00, plus pre-judgment interest, attorneys' fees, and court costs, and any and all other relief this honorable Court deems just and proper.

Respectfully Submitted,

James L. Ellison, II, Esq.
Bennett & Ellison, P.C.
2086 Generals Hwy Suite 201,
Annapolis, MD 21401
Tel: (410) 974-6000
Email: jellison@belawpc.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, William K. Pritchard, hereby requests a trial by jury in this matter.

James L. Ellison, II, Esq.